UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
BARBARA IGLESIAS, Individually and
on behalf of a class,

                                      Case No. 17-cv- 8157

                         Plaintiff,

                  - against -

EGS FINANCIAL CARE, INC.,

                        Defendant.
------------------------------------------------------------X

## COMPLAINT – CLASS ACTION

### INTRODUCTION

1. Plaintiff brings this action to secure redress against unlawful credit and collection practices engaged by defendant EGS Financial Care, Inc. Plaintiff alleges violation of the Fair Debt Collections Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA"). The FDCPA broadly prohibits unfair or unconscionable collection methods; conduct which harasses, oppresses or abuses any debtor; and any false, deceptive or misleading statements, in connection with the collection of a debt; it also requires debt collectors to give certain information. 15 U.S.C. §§1692d, 1692e, 1692f, and 1692g.

2. In enacting the FDCPA, Congress found that: "[t]here is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C.A. § 1692(a).

3. Because of this, courts have held that "the FDCPA's legislative intent

1

emphasizes the need to construe the statute broadly, so that we may protect consumers against debt collectors' harassing conduct." and that "[t]his intent cannot be underestimated." *Ramirez v. Apex Financial Management LLC*, 567 F.Supp.2d 1035, 1042 (N.D.Ill. 2008)

4. The FDCPA encourages consumers to act as "private attorneys general" to enforce the public policies and protect the civil rights expressed therein. *Crabill v. Trans Union, LLC*, 259 F.3d 662, 666 (7th Cir. 2001).

5. Plaintiff seeks to enforce those policies and civil rights which are expressed through the FDCPA, 15 U.S.C. §1692 et seq.

## JURISDICTION AND VENUE

6. This Court has jurisdiction under 28 U.S.C. §§1331, 1337, and 15 U.S.C. §1692k (FDCPA).

7. Venue and personal jurisdiction over defendant in this District is proper because defendant's collection activities impacted plaintiff here and because defendant transacts business in this District.

## PARTIES

8. Plaintiff, Barbara Iglesias, is an individual resident of the State of New York, residing In the County of Bronx. Plaintiff is a "Consumer" as that term is defined by 15 U.S.C. §1692a(3) of the FDCPA in that the alleged debt that the defendant sought to collect from Plaintiff is a consumer debt.

9. Defendant, EGS Financial Care, Inc., is a Pennsylvania Foreign Business Corporation doing business in New York. Defendant is regularly engaged in the collection of debts allegedly owed by consumers. Defendant is a "Debt Collector" as that term is defined by 15 U.S.C. §1692a(6) of the FDCPA.

10. Defendant is an independent contractor hired by Synchrony Bank in association with the collection of a debt allegedly incurred by Plaintiff.

## FACTS

11. On or about December 13, 2016, Plaintiff was mailed the collection letter attached as Exhibit A (the "Collection Letter"). Plaintiff received it in the ordinary course of mail.

12. Exhibit A sought to collect a debt incurred for personal, family or household use and not for business purposes.

13. Exhibit A is, on information and belief, a form letter.

14. Exhibit A states "Total Balance: $2,074.00."

15. The Collection Letter further state that "[y]our balance may be periodically increased due to the addition of accrued interest or other charges as provided in your agreement with the original creditor or as otherwise provided by state law."

16. The Collection Letters fail to convey the amount of the debt in a clear and effective manner, thereby making the unsophisticated consumer uncertain as to how much he owes on the date that he makes the payment.

17. Defendant's statement is materially false and misleading in that it can be interpreted in a number of ways, one of which is incorrect.

18. The collection letters caused Plaintiff uncertainty and forced Plaintiff to guess how much money is allegedly owed Defendant, how much additional money would be owed if the amount demanded is paid and when Defendant's collection efforts would actually stop if the entire payment demanded was remitted.

19. Furthermore, the Collection Letters gives no indication as to how the amount is calculated and the Plaintiff cannot deduce what she will owe on a particular day.

20. The Plaintiff is not provided with a rate of interest or a late fee amount or a collection fee, if any. She has no ability to dispute any increase in the Total Balance from month to month.

21. "A statement is incomplete where . . . it omits information allowing the least sophisticated consumer to determine the minimum amount she owes at the time of the notice, what she will need to pay to resolve the debt at any given moment in the future, and an explanation of any fees and interest that will cause the balance to increase." *Carlin v. Davidson Fink LLP*, No. 15-3105-cv, 2017 WL 1160887, at *6 (2d Cir. Mar. 29, 2017). More recently, in *Balke v. Alliance One Receivables Management, Inc.*, Case No. 16-cv-5624-ADS-AKT (E.D.N.Y., June 19, 2017), this Court dealt with the identical issue as the case at hand poses. The collection letter in the *Balke* case stated, "[y]our account balance may periodically increase due to the addition of accrued interest or other charges **if so provided in your agreement with your original creditor**" (emphasis added) *Id.* at page 8. That language is nearly identical to the language in Defendant's letter herein. Judge Spatt noted that "[s]imilar to *Carlin*, the Collection Letter in this case refers with vagueness to "accrued interest or other charges," without providing any information regarding the rate of interest; the nature of the "other charges"; how any such charges would be calculated; and what portion of the balance due, if any reflects already accrued interest and other charges. By failing to provide even the most basic level of specificity in this regard, the Court "cannot say whether those amounts are properly part of the amount of the debt," for purposes of section 1692g. *Balke* at page 10, citing *Carlin*, 852 F.3d at 216. Judge Spatt went further to conclude that, "the Court finds that the Defendant did not necessarily discharge its burden by referring the Plaintiff to the underlying credit card agreement with her original lender. As was true in *Carlin*, it is plausible, if not likely, that the least sophisticated consumer would not understand from this reference what

4

provision of that agreement, if any, gives rise to the potential "accrued interest and other charges" described in the Collection Letter." *Balke* at page 10.

22. Where the Total Balance *may* continue to increase due to interest and other charges, there is no clarity as to whether the interest and other charges are actually accruing, what is the basis for their accrual, and at what rate they are accruing.

23. Plaintiff was misled and confused by the Collection Letter.

24. The Collection Letters cause the least sophisticated consumer uncertainty and forces her to guess how much money is allegedly owed, how much money would accrue daily, how much money would be owed if the amount initially demanded was paid and if or when collection efforts would end if the entire payment demanded was remitted.

25. The sole purpose of the Defendant's statement, that "[y]our balance may be periodically increased due to the addition of accrued interest or other charges as provided in your agreement with the original creditor or as otherwise provided by state law," as reflected in the Collection Letter was to coerce the Plaintiff into paying immediately.

26. The sole purpose of Defendant's failure to disclose with any specificity what interest and other charges are added and at what rate was to coerce the Plaintiff into payment immediately and possibly paying an amount that she does not owe.

27. Defendant did not discharge its burden by referring the Plaintiff and other class members to the underlying credit card agreement with her original creditor. In fact, the Collection Letter does not even mention an "original creditor," so Plaintiff is left guessing who this mysterious original creditor may be, if any.

28. Defendant's materially false statements caused Plaintiff confusion about the exact amount of money allegedly owed.

29. As a result of defendant's abusive, deceptive and unfair debt collection

5

practices, plaintiff has been damaged.

### FIRST CAUSE OF ACTION – VIOLATION OF THE FDCPA

30. Plaintiff repeats, realleges and incorporates by reference the allegations contained in paragraphs 1 through 31 of this Complaint as though set forth at length herein.

31. Section 1692e(2) states that:

**A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. . . . the following conduct is a violation of this section:**

**(2) the false representation of –**
**(A) the character, amount or legal status of any debt.**

32. Section 1692g(a) states that:

**(a) NOTICE OF DEBT; CONTENTS Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—**

**(1) the amount of the debt;**

33. The Collection Letter violates 15 U.S.C. §§1692e, 1692e(2), 1692g, and 1692g(a)(1) by failing to state the amount of the debt which is due and owing by falsely advising the Plaintiff that "[y]our balance may be periodically increased due to the addition of accrued interest or other charges as provided in your agreement with the original creditor or as otherwise provided by state law" and by employing false, deceptive and misleading representations in connection with the collection of a debt.

34. Specifically, the Collection Letter violates 15 U.S.C. §§ 1692e, 1692e(2), 1692g, and 1692g(a)(1), by failing to state that the account balance will not continue to increase as opposed to may continue to increase *or* by simply not including any language referencing that

6

the account may continue to increase and by employing false, deceptive and misleading representations in connection with the collection of a debt.

35. That, the Collection Letter violates 15 U.S.C. §§ 1692e, 1692e(2), 1692g, and 1692g(a)(1), by not allowing the least sophisticated consumer to determine what she will need to pay to resolve the debt at any given moment in the future.

36. That, the Collection Letter violates 15 U.S.C. §§ 1692e, 1692e(2), 1692g, and 1692g(a)(1), by not providing an explanation understandable by the least sophisticated consumer, of any interest or fees that may cause the balance to increase at any time in the future.

37. That, the Collection Letter violates 15 U.S.C. §§ 1692e, 1692e(2), 1692g, and 1692g(a)(1), by placing the burden on a least sophisticated consumer of analyzing the terms of the underlying agreement with his creditor.

38. Collection letters such as those sent by defendant are to be evaluated by the objective standard of hypothetical "least sophisticated consumer."

39. As a result of defendant's violation of the FDCPA, plaintiff and the class has been damaged and is entitled to statutory damages, actual damages, costs and attorney fees.

## CLASS ALLEGATIONS

40. Pursuant to Fed.R.Civ.P. 23(a), plaintiff brings this claim on behalf of a class.

41. The class consists of (a) all natural persons (b) who were sent a letter seeking to collect a debt (c) in the form of Exhibit A which (d) referenced that the balance owed may accrue interest and/or other charges (e) on or after a date one year prior to the filing of this action and ending 20 days after the filing of this action.

42. The class is so numerous that joinder is impracticable.

43. On information and belief, there are more than 50 natural persons who were sent a

letter similar to <u>Exhibit A</u> on or after a date one year prior to the filing of this action and ending 20 days after the filing of this action.

44. There are questions of law and fact common to the members of the class, which common questions predominate over any questions that affect only individual class members. The predominant common questions are:

    a. Whether the defendant violated various provisions of the FDCPA, including by not limited to 15 U.S.C. §§1692e and 1692g; and/or

    b. whether the debt collector sent the consumer written notice containing the amount of the debt; and/or

    c. Whether defendant used false, deceptive or misleading means in the collection of a debt; and/or

    d. Whether the letter violates the FDCPA.

45. Plaintiff's claims are typical of the claims of the class members. All are based on the same factual and legal theories.

46. Plaintiff will fairly and adequately represent the interests of the class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases.

47. A class action is superior to other alternative methods of adjudicating this dispute. Individual cases are not economically feasible. The nature of the wrong depends on the deception of the consumer, so it is unlikely to be detected or remedied without a class action.

**WHEREFORE**, Plaintiff respectfully demands judgment in favor of Plaintiff and the class and against the Defendant as follows:

a) Statutory damages;

b) Attorney's fees, litigation expenses and costs of suit;

c) Declaratory relief finding the collection letter violates the FDCPA;

    d)    For such other and further relief which this court deems just and proper.

Dated: Brooklyn, New York
          October 17, 2017

                                          SHAKED LAW GOUP, P.C.
                                          Attorneys for Plaintiff

                                          By: _____
                                          Dan Shaked (DS-3331)
                                          44 Court St., Suite 1217
                                          Brooklyn, NY 11201
                                          Tel. (917) 373-9128
                                          Fax (718) 704-7555
                                          e-mail: ShakedLawGroup@Gmail.com

## JURY DEMAND

Plaintiff hereby demands trial by jury.

_____
Dan Shaked (DS-3331)